IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
PEDRO CAMACHO-CORONA,           )
                                )
              Plaintiff,        )         8:12CV132
                                )
         v.                     )
                                )
DOUGLAS COUNTY DEPARTMENT       )         MEMORANDUM OPINION
OF CORRECTIONS, NEBRASKA        )
MEDICAL CENTER, U.S. MARSHAL'S  )
SERVICE, and FEDERAL BUREAU     )
OF PRISONS,                     )
                                )
              Defendants.       )
_____)
```

Plaintiff, a prisoner, filed his complaint in this matter on April 13, 2012 (Filing No. 1). However, plaintiff did not pay the filing fee or submit a motion for leave to proceed in forma pauperis (Filing No. 4). Plaintiff thereafter sought to proceed in forma pauperis, a request granted by the Court on June 5, 2012 (Filing No. 8). On June 22, 2012, plaintiff paid the initial partial filing fee. The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.   SUMMARY OF COMPLAINT

Plaintiff filed his complaint against four defendants, the Douglas County, Nebraska Department of Corrections ("Douglas County"), the U.S. Marshals Service ("USM"), the Federal Bureau

of Prisons ("BOP"), and the Nebraska Medical Center (Filing No. 1 at CM/ECF p. 1).[1]

Plaintiff alleges that, in November 2010, he was held at Douglas County at the direction of the USM pursuant to a "contract" between the two entities. (*Id.* at CM/ECF pp. 11, 13.) While held in Douglas County, plaintiff "became extremely constipated," a condition that "went on for several days" without treatment. (*Id.* at CM/ECF p. 13.) Plaintiff's "large intestine" eventually "rupture[d]" and he received treatment but "did not receive an operation to repair [his] intestine." (*Id.*) Plaintiff was eventually taken to a hospital and received an operation. Plaintiff was thereafter "transferred" to a federal prison in Kansas, and eventually to his current place of confinement at "Victorville Med II FCI in Adelanto, CA." (*Id.* at CM/ECF pp. 13-14.) The bulk of plaintiff's complaint is devoted to allegations of lack of adequate medical care while incarcerated at his current federal facility in California. (*Id.* at CM/ECF pp. 14-20.)

Plaintiff seeks damages for past conduct and injunctive relief requiring his current facility to provide medical care and treatment, as well as "a panel of independent medical experts to

---

[1] Although plaintiff purports to sue these four entities in their individual and official capacities, with the exception of a reference to the "Sheriff" of Douglas County (addressed below), he does not name any individual defendants (Filing No. 1). Thus, any "individual" capacity claims are not permitted.

-2-

regularly evaluate the delivery of medical treatment" to him while he is incarcerated. (*Id.* at CM/ECF pp. 16-17.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th

Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

Liberally construed, plaintiff alleges claims against defendants for violations of his federal constitutional rights to adequate medical care (Filing No. 1).

*A.   Claims Against Douglas County*

A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of plaintiff's constitutional rights. *Doe By and Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

> 1)   The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

>   2)  Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
>   3)  That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Douglas County or its employees, or that Douglas County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct relating to plaintiff's medical conditions. In addition, plaintiff does not allege that an unconstitutional custom was the moving force behind his injuries. Accordingly, plaintiff has failed to allege sufficient facts to "nudge" his claims against Douglas County across the line from conceivable to plausible under the *Jane Doe* standard. Plaintiff's claims against Douglas County will be dismissed without prejudice for failure to state a claim upon which relief may be granted.[2]

---

[2] Although not named in the caption of the complaint, plaintiff references the "Sheriff" of Douglas County and, liberally construed, purports to sue the Sheriff in his or her individual capacity as well (Filing No. 1 at CM/ECF pp. 5, 18). However, as with the Nebraska Medical Center, discussed below, plaintiff does not set forth any allegations against the Sheriff other than naming him/her and does not allege any specific acts taken by this individual. Thus, plaintiff fails to state a claim against the Sheriff of Douglas County and any claim against this

B.   *Claims Against the USM*

   **1.   Sovereign Immunity**

As a sovereign power, the United States is immune from suit unless it consents. *Hart v. United States*, 630 F.3d 1085, 1088 (8th Cir. 2011). It is well settled that the United States has not waived its sovereign immunity for suits seeking damages based on alleged constitutional violations. *See, e.g.*, *Thomas-Lazear v. F.B.I.*, 851 F.2d 1202, 1207 (9th Cir. 1988) ("[T]he United States has not waived its sovereign immunity in actions seeking damages for constitutional violations."); *FDIC v. Meyer*, 510 U.S. 471, 475-78 (1994) (declining to recognize a direct action for damages against federal agencies). The shield of sovereign immunity also protects United States agencies and officers acting in their official capacities. *Meyer*, 510 U.S. at 475; *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (concluding that suits against public officials acting in their official capacities should be treated as suits against the public entity).

Plaintiff seeks unspecified monetary relief against the USM in its official capacity. However, as set forth above, plaintiff's claims against the USM in its official capacity for monetary relief, treated as claims against the United States, are

---

unnamed person in his or her individual capacity will also be dismissed. See *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).

barred by sovereign immunity. Therefore, plaintiff's monetary damages claims against the USM in its official capacity will be dismissed.

### 2. Injunctive Relief

Although plaintiff's monetary damages claims against the USM in its official capacity are barred, sovereign immunity does not bar declaratory and injunctive relief claims against federal agencies acting in their official capacities. *See* [5 U.S.C. § 702](#) (action seeking relief other than money damages should not be dismissed because it is brought against United States); [*Raz v. Lee*, 343 F.3d 936, 938 (8th Cir. 2003)](#) (holding that § 702's waiver of sovereign immunity is not limited to cases brought under the APA, and applies to claims arising under the Constitution); [*Red Lake Band of Chippewa Indians v. Barlow*, 846 F.2d 474, 476 (8th Cir. 1988)](#) (concluding § 702 waiver is not dependent on application of APA; § 702 waiver is dependent only on suit being against government and being one for non-monetary relief). However, a court may only issue injunctive relief against a defendant if there is "some substantial likelihood that past conduct alleged to be illegal will recur." [*Sterling v. Calvin*, 874 F.2d 571, 572 (8th Cir. 1989)](#).

Here, plaintiff alleges that he was in the custody of the USM "[i]n November of 2010," and was thereafter transferred to the Federal Bureau of Prisons, where he has been incarcerated

ever since (Filing No. 1 at CM/ECF pp. 13-14). Plaintiff has not alleged that there is a substantial likelihood that he will return to the custody of the USM at any point in the future. Further, as this Court's records show, plaintiff pled guilty of one count of possession with intent to distribute methamphetamine and was sentenced, among other things, to a prison term of 262 months. (Case No. 8:10CR436, Filing No. 54.) Plaintiff was committed to the custody of the United States Bureau of Prisons on September 19, 2011. (*Id.*)[3] Plaintiff has not alleged that he has been charged with any other federal crime that may cause him to be in the custody of the USM in the future, nor has he alleged that the USM has any involvement in, or authority over, his current incarceration in California (Filing No. 1). Thus the Court finds that plaintiff fails to state a claim for injunctive relief against the USM, and the remaining claims against it will be dismissed.

*C. Claims Against the Nebraska Medical Center*

A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. See *Krych v. Hvass*, 83 F. App'x 854, 855 (8th

---

[3] The Court's records further show that, as of October 3, 2011, plaintiff was incarcerated at "CCA-Leavenworth," a federal institution, and was presumably out of the USM's custody no later than that date. (Case No. 8:10CR436, Filing No. 56 at CM/ECF p. 2.)

Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that the district court properly dismissed a pro se complaint where the complaint did not allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)).

The Court has carefully reviewed the Complaint (Filing No. 1). Aside from the caption, the complaint mentions the Nebraska Medical Center in only one paragraph. (*Id.* at CM/ECF p. 18.) However, that paragraph states only the Nebraska Medical Center's address, and that plaintiff seeks to sue the "hospital administrator" in his or her individual and official capacities. (*Id.*) Plaintiff also alleges in this paragraph that the hospital administrator is "responsible for the administration, operation and supervision of the Nebraska Medical Center" and for its rules and staff. (*Id.*) There are no allegations that anyone at the Nebraska Medical Center acted under color of state law in violation of plaintiff's constitutional rights. Indeed, there are no allegations whatsoever regarding what, if any, involvement the Nebraska Medical Center had in plaintiff's care. (*Id.*) Plaintiff's complaint fails to state a claim against the Nebraska Medical Center upon which relief may be granted and his claims against the Nebraska Medical Center will also be dismissed without prejudice.

D.  *Claims Against the Federal Bureau of Prisons*

As the Court has already noted, the majority of plaintiff's complaint relates to the adequacy of his medical care while incarcerated at his current, federal institution in California.  Pursuant to 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  A district court has the discretion to either dismiss a plaintiff's claims or transfer the case, *sua sponte*.  See *Abramson v. Am. Online, Inc.*, 393 F. Supp. 2d 438, 443 (N.D. Tex. 2005); *see also Dejohn v. TV Corp. Int'l.*, 245 F. Supp. 2d 913, 921 (N.D. Ill. 2003); *Standing Stone Media, Inc. v. Indianacountrytoday.com*, 193 F. Supp. 2d 528, 536 (N.D.N.Y. 2002).

Venue is generally governed by 28 U.S.C. § 1391, which provides, in pertinent part, that:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is

> situated, or (3) a judicial
> district in which any defendant may
> be found, if there is no district
> in which the action may otherwise
> be brought.

28 U.S.C. § 1391(b).

Here, plaintiff alleges that this Court has federal question jurisdiction over his complaint, but he does not discuss venue (Filing No. 1). From the face of the complaint, it is clear that the District of Nebraska is not a proper venue for plaintiff's claims against the Federal Bureau of Prisons. As set forth above, the Court has dismissed the claims against the USM, Douglas County, and the Nebraska Medical Center because plaintiff has failed to state a claim upon which relief may be granted against these defendants. The events giving rise to plaintiff's remaining claims all occurred, and continue to occur, in California and the only remaining defendant, the Federal Bureau of Prisons at "Victorville, F.C.I, Med II" resides in California. Thus, venue in this Court for plaintiff's remaining claims against the remaining defendant is improper. The Court finds that dismissal, rather than transfer, of venue is appropriate pursuant to 28 U.S.C. § 1406. However, the Court will dismiss plaintiff's claims against the Federal Bureau of Prisons without

prejudice to reassertion in the appropriate forum.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 31st day of July, 2012.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

* This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.